# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CV F 03-6613 AWI SMS |
| Plaintiff, | ORDER DISCHARGING MINUTE ORDER CONCERNING DISMISSAL FOR LACK OF PROSECUTION |
| v. | |
| REAL PROPERTY LOCATED IN MERCED COUNTY, COMMONLY KNOWN AS 10382 EAST GERARD, PLANADA, CALIFORNIA, APN: 053-270-019; Including Appurtenances and Improvements Thereto, | ORDER VACATING FEBRUARY 20, 2007 HEARING DATE |
| Defendant. | |

On November 17, 2003, the United States of America filed this action for the forfeiture of property. On January 15, 2004, Gabriel Andrade and Leticia Andrade filed a claims of ownership. On July 17, 2006, the United States' attorney was changed. On October 11, 2006, the United States filed a status report.

On January 5, 2007, the Clerk of the Court issued a minute order setting a hearing in this action to determine if it should be dismissed for lack of prosecution. On February 13, 2007, the United States filed an opposition to the dismissal of this action.

A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action or failure to obey a court order. See, e.g., Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992). In determining whether to dismiss an action for lack of prosecution the court must

1 consider several factors, including: (1) the public's interest in expeditious resolution of litigation;
2 (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the
3 public policy favoring disposition of cases on their merits; and (5) the availability of less drastic
4 alternatives.  <u>Ghazali v. Moran</u>, 46 F.3d 52, 53 (9th Cir. 1995); <u>Ferdik</u>, 963 F.2d at 1260-61.

5         At this time, the court finds dismissal is not appropriate.   The United States presents
6 evidence that the delay in prosecuting this case is because of waiting for related state court
7 proceedings to be resolved and the changeover in attorneys representing the United States.   More
8 importantly, the current attorney representing the United States has informed the court that she is
9 now ready to proceed with this action.    The court's interest in maintaining its docket and the
10 public's interest in the expeditious resolution of litigation weigh against dismissal because the
11 United States is currently able and willing to fully litigate this action.   Public policy also favors
12 disposition of cases on their merits.   Dismissal is a drastic sanction, and there are other tools
13 available to the court to ensure that it will be timely litigated.   Finally, the risk of prejudice to
14 any clamant is minimal.   Thus, this action will not be dismissed for lack of prosecution at this
15 time.

16         Accordingly, the court ORDERS that:
17         1.    The January 5, 2007 minute order concerning dismissal for lack of
18               prosecution is DISCHARGED;
19         2.    The February 20, 2006 hearing is VACATED and no party or claimant
20               need appear at that time; and
21         3.    Within thirty days of this order's date of service, the United States is
22               ORDERED to contact the Chambers of Magistrate Judge Sandra M.
23               Snyder to arrange for a scheduling conference.

25 IT IS SO ORDERED.

26 **Dated:    February 15, 2007**              /s/ Anthony W. Ishii
   0m8i78                                    UNITED STATES DISTRICT JUDGE

28                                  2