UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 1:03-cv-6613-AWI-SMS |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATIONS RE: |
| v. | ) | PLAINTIFF'S MOTION TO STRIKE |
| | ) | ANSWER OF DEFENDANT JESUS ANDRADE |
| REAL PROPERTY LOCATED IN | ) | (DOC. 28) |
| MERCED COUNTY, COMMONLY KNOWN | ) | |
| AS 10382 EAST GERARD, PLANADA, | ) | FINDINGS AND RECOMMENDATIONS RE: |
| CALIFORNIA, APN: 053-270-019; | ) | PLAINTIFF'S MOTION FOR DEFAULT |
| Including Appurtenances and | ) | JUDGMENT AGAINST DEFENDANT JESUS |
| Improvements Thereto, | ) | ANDRADE (DOC. 28) |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff is proceeding with a civil action for forfeiture in rem in this Court. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302(c)(3) and (19) and 72-303.

Pending before the Court are Plaintiff's motions, filed on February 25, 2008, 1) to strike the answer to the complaint filed by potential claimant Jesus Andrade on January 15, 2004, and 2) for entry of a default judgment against potential claimant Jesus Andrade and against all other persons. The motions were accompanied by a supporting memorandum of points and authorities and the declaration of Stephanie Hamilton Borchers, with

1

exhibits. The motions were not served on any defendant or claimant. No opposition has been filed by the potential claimant.

By separate order, the Court has vacated the hearing on this motion and has ordered the matter submitted for decision.

I. Motion to Strike Answer

    A. Legal Standards

The Civil Asset Forfeiture Reform Act of 2000 (CAFRA), Pub. L. No. 106-185, 114 Stat. 202, 106th Cong. (2000), was signed into law on April 25, 2000. Section 21 of the Act provides that the amendments made by the Act apply to any forfeiture proceeding commenced on or after the effective date of the Act, that is, 120 days after the date of enactment. The instant case postdates enactment of the statute, and thus, CAFRA applies to the present proceeding.

With respect to proceedings that are in rem actions for forfeiture, both the general Federal Rules of Civil Procedure and the Supplemental Rules for Certain Admiralty and Maritime Claims (Supp. R.) apply. Supp. R. A(1)(B); United States v. Real Property, 135 F.3d 1312, 1315 (9th Cir. 1998). However, the latter rules prevail if there is an inconsistency. Supp. R. A(2). Supp. R. C applies to in rem actions in general. Supp. R. G(1) provides:

> 1) **Scope**. This rule governs a forfeiture action in rem arising from a federal statute. To the extent that this rule does not address an issue, Supplemental Rules C and E and the Federal Rules of Civil Procedure also apply.

With respect to the motion to strike, Plaintiff moves to strike the answer pursuant to the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Rule

G(8)(c)(i)(A). Rule G(8)(c)(i) provides:

> At any time before trial, the government may move to strike a claim or answer:
> (A) for failing to comply with Rule G(5) or (6), or
> (B) because the claimant lacks standing.

The Court notes that more generally, it is established that pursuant to Fed. R. Civ. P. 12(f), a Court may strike a document that does not conform to the formal requirements of the pertinent rules of court. Transamerican Corp. v. National Union Fire Ins. Co. of Pittsburgh, Pa., 143 F.R.D. 189, 191 (N.D. Ill. 1992).

The purpose of a Rule 12(f) motion is to avoid the costs that arise from litigating spurious issues by dispensing with those issues prior to trial. Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir.1983). Immaterial matter is defined as matter that "has no essential or important relationship to the claim for relief or the defenses being pleaded." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993) (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at 706-07 (1990)), rev'd on other grounds, 510 U.S. 517 (1994). Immaterial portions of a pleading that do not give fair notice of a claim or defense may be stricken by the Court sua sponte or upon motion. Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2nd Cir. 1995). Impertinent matter is defined as "statements that do not pertain, and are not necessary, to the issues in question." Fantasy, Inc., 984 F.2d at 1527.

With respect to forfeitures of real property, 18 U.S.C. § 985(a) provides that notwithstanding any other provision of law, all civil forfeitures of real property and interests in real property shall proceed as judicial forfeitures. Section 985(f)

3

provides that the section applies only to civil forfeitures of real property and interests in real property.

Supp. R. G(3) provides:

a) **Real Property**. If the defendant is real property, the government must proceed under 18 U.S.C. § 985.

B. <u>Analysis</u>

1. <u>Duty to Respond</u>

Plaintiff has established that in initiating and carrying the action forward, Plaintiff gave the required notice in order to cause the claimant's obligation to respond to arise.

With respect to Jesus Andrade, or any other person who is an owner of the property, Title 18 U.S.C. § 985(c)(1) specifically provides:

(c)(1) The Government shall initiate a civil forfeiture action against real property by--
(A) filing a complaint for forfeiture;
(B) posting a notice of the complaint on the property; and
(C) serving notice on the property owner, along with a copy of the complaint.

Here, Plaintiff has demonstrated that the complaint was filed on November 17, 2003. By the Marshal's return of service filed on January 16, 2004, Plaintiff has demonstrated that on December 24, 2003, Plaintiff posted notice of the complaint on the property. By the Marshal's return of service filed on March 15, 2004, Plaintiff established that potential claimant Jesus Andrade was personally served on December 24, 2003, with the complaint, notice of complaint, writ of entry, and related court forms. Further, Plaintiff has established that copies of the documents were also served upon potential claimant Jesus Andrade by certified mail received and signed for by S. Franco at the

4

Fresno County Jail on November 21, 2003. (Decl. of Borchers ¶ 4, Ex. A.) The notice of complaint expressly stated that a civil complaint for forfeiture had been filed; it set forth the time within which a claim was required to be filed and noted the requirement of an answer and the time period for filing an answer.

Further, attorney Stephen J. Estey, who stated he was acting on behalf of "the Andrades," wrote a letter dated December 2, 2003, to Plaintiff confirming a thirty-day extension of time granted for filing claims in response to the complaint. (Decl., Ex. B.)

It therefore appears that potential claimant Jesus Andrade received actual notice of the pendency of the action and of the time within which to file a claim. Further, this notice complied with 18 U.S.C. § 985 and Supp. Rule G(4)(b), which requires that any person who reasonably appears to be a potential claimant on the facts known to the government before the end of the time for filing a claim be advised of the date of the notice, the deadline for filing a claim and an answer, and the name of the government attorney to be served with the claim and answer. (Notice of Complaint, p. 2.)

### 2. Failure to File a Claim

The docket and the declaration of Borchers establish that although claims were filed by Gabriel and Leticia Andrade, no claim was filed by potential claimant Jesus Andrade. Jesus Andrade admits in the stipulation for final judgment of forfeiture executed by him on January 16, 2008, and filed on February 25, 2008, that an answer was filed on his behalf, but no

5

1 claim was filed. (Stip. pp. 2, 9.) An answer was filed by
2 attorney Stephen J. Estey on behalf of claimants Gabriel and
3 Leticia Madrigal and "Claimant" Jesus Andrade on January 15,
4 2004. The answer referred to a verified claim having been filed,
5 denied the allegations of the complaint, and prayed for relief.
6 It was not verified, but it was signed by the claimant's counsel.
7     Granting a motion to strike an answer is appropriate for one
8 who does not file a claim in compliance with the pertinent rules.
9 <u>United States v. $38,570 U.S. Currency</u>, 950 F.2d 1108, 1112-15
10 (5th Cir. 1992) (upholding the granting of a motion to strike
11 under former Supplemental Rules where the claimant had
12 constructive notice that the time for filing a claim had begun to
13 run, and he filed an answer and then an untimely claim); <u>United
14 States v. $50,200.00 in U. S. Currency</u>, 76 F.Supp.2d 1247 (D.Wyo.
15 1999) (granting a motion to strike an answer where the claimants
16 had failed to file a timely verified claim contrary to the
17 express requirements of the rules and where there were no
18 mitigating factors, good faith attempt to file a timely claim,
19 detrimental reliance on misinformation from a governmental
20 agency, or expenditure of considerable resources in preparing the
21 case for trial). In the Ninth Circuit, several policies support
22 the requirement of strict compliance with the Supplemental Rules
23 in filing a claim, including the need to inform the Court that
24 there is a claimant to the property who wants it back and intends
25 to defend it, to avoid waste or unnecessary expenditure of
26 judicial resources, and to further the important interest in the
27 finality of judgments ultimately entered. <u>See</u>, <u>United States v.
28 Real Property</u>, 135 F.2d 1312, 1317 (9th Cir. 1998).

1   Here, the claimant was given appropriate notice regarding
2 filing a claim. There has been no compliance with the
3 requirements of the governing Supplemental Rules. Further, it is
4 alleged and established by the government that potential claimant
5 Jesus Andrade signed on January 16, 2008, a stipulation for final
6 judgment of forfeiture in this action in which he and claimants
7 Leticia and Gabriel Andrade agreed alternatively to file
8 $10,000.00 as a substitute res within forty-five days of signing
9 the stipulation for final judgment of forfeiture, or if the
10 $10,000.00 were not timely paid, then the parties stipulated to
11 forfeiture of all right, title, and interest in the Defendant
12 real property pursuant to 21 U.S.C. § 881(a)(7). (Stip. p. 3.)
13   One who does not file a verified claim pursuant to the
14 Supplemental Rules lacks standing in the forfeiture action.
15 United States v. Real Property, 135 F.2d 1312, 1316-1318 (9th Cir.
16 1998) (citing additional authority from the First, Fifth, Second,
17 and Eighth circuits). Accordingly, the answer is immaterial and
18 impertinent, and should be stricken.
19   II. Motion for Default Judgment
20   Plaintiff seeks the entry of a default judgment against the
21 interest of potential claimant Jesus Madrigal in the subject
22 property as well as entry of a final judgment of forfeiture that
23 vests in the United States of America all right, title, and
24 interest in the Defendant real property. There has been no
25 appearance by any person with an interest in the Defendant
26 property or any claimant with respect to the motion.[1]

---

[1] The Court notes that claimants Leticia and Gabriel Madrigal did enter in to the stipulation regarding final judgment of forfeiture that has been previously detailed.

7

This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 (proceeding commenced by the United States) and 1355 (forfeiture).

### A. Legal Standards regarding Default Judgment

A court has the discretion to enter a default judgment against one who is not an infant, incompetent, or member of the armed services where the claim is for an amount that is not certain on the face of the claim and where 1) the defendant has been served with the claim; 2) the defendant's default has been entered for failure to appear; 3) if the defendant has appeared in the action, the defendant has been served with written notice of the application for judgment at least three days before the hearing on the application; and 4) the court has undertaken any necessary and proper investigation or hearing in order to enter judgment or carry it into effect. Fed. R. Civ. P. 55(b); Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988). Factors that may be considered by courts in exercising discretion as to the entry of a default judgment include the nature and extent of the delay, Draper v. Coombs, 792 F.2d 915, 924-925 (9th Cir. 1986); the possibility of prejudice to the plaintiff, Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir.1986); the merits of the plaintiff's substantive claim, id.; the sufficiency of the allegations in the complaint to support judgment, Alan Neuman Productions, Inc., 862 F.2d at 1392; the amount in controversy, Eitel v. McCool, 782 F.2d at 1471-1472; the possibility of a dispute concerning material facts, id.; whether the default was due to excusable neglect, id.; and the strong policy underlying the Federal Rules of Civil Procedure

that favors decisions on the merits, id.

A default judgment generally bars the defaulting party from disputing the facts alleged in the complaint, but the defaulting party may argue that the facts as alleged do not state a claim. Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1392. Thus, well pleaded factual allegations, except as to damages, are taken as true; however, necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default. Cripps v. Life Ins. Co. of North America, 980 F.2d 1261, 1267 (9th Cir. 1992); TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987).

### B. Notice

In addition to the facts recited above in connection with the motion to strike the answer, the government filed a notice of recording of a lis pendens in Merced County on November 20, 2003. Further, the Court notes that a proof of publication filed on March 29, 2004, reflects publication in a newspaper of general circulation on February 5, 2004, pursuant to the Court's order of January 20, 2004. This publication contained the required information but does not meet the requirements of present Rule G(4)(a)(iii), which generally requires publication once a week for three consecutive weeks.[2] However, the effective date of Rule G was 2006. (Advisory Comm. Note to 2006 Adoption.) The publication complied with the Court's publication order as well as the governing rules at the time, namely, Supp. Rule C(4) and Local Rule A-530. Therefore, the Court finds that the publication

---

[2] Plaintiff does not claim any exception or qualification under the rule with respect to the number of times publication was required.

9

was sufficient.

With respect to notice of this motion, Local Rule A-540(d) provides that upon a showing that no one has appeared to claim the property and give security, and that due notice of the action and arrest of the property has been given, a party may move for judgment at any time after the time for answer has expired; if no one has appeared, the party may have an ex parte hearing before the Court and judgment without further notice. Potential claimant Jesus Madrigal has not appeared in the action. Although claimants Leticia and Gabriel Andrade have appeared, they have executed a stipulation for final judgment of forfeiture. It does not appear that $10,000.00 has been deposited with respect to this action to function as a substitute res pursuant to the stipulation. Thus, it appears that pursuant to the terms of the stipulation, claimants Leticia and Gabriel Andrade have agreed to the forfeiture of all right, title and interest in the Defendant real property. (Stip. p. 3.)

Therefore, the Court concludes that adequate notice has been given.

### C. Sufficiency of the Complaint

Supp. Rule G(2) requires that the complaint in a forfeiture action in rem arising from a federal statute be verified; state the grounds for subject-matter jurisdiction, in rem jurisdiction over the Defendant property, and venue; describe the property with reasonable particularity; identify the statute under which the forfeiture action is brought; and state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.

1    The complaint filed in this action was verified; the bases
2 for jurisdiction and venue are stated; the property is described
3 by address, parcel number, and legal description by means of
4 references to lots and maps. In the complaint, it is alleged that
5 the action is brought pursuant to 18 U.S.C. § 985 and 21 U.S.C. §
6 881(a)(7) to forfeit real property used to facilitate the
7 commission of a violation of 21 U.S.C. § 841(a). (Cmplt. p. 1.)
8    Title 21 U.S.C. § 881(a)(7) provides that all real property,
9 including any right, title, and interest (including any leasehold
10 interest) in the whole of any lot or tract of land and any
11 appurtenances or improvements, which is used, or intended to be
12 used, in any manner or part, to commit, or to facilitate the
13 commission of, a violation of the subchapter punishable by more
14 than one year's imprisonment is subject to forfeiture to the
15 United States, and no property right shall exist in them.
16    Here, the complaint alleges that the Defendant real property
17 was used or intended to be used to commit or facilitate the
18 commission of a violation of 21 U.S.C. § 841(a)(1) and thus is
19 subject to forfeiture to the Plaintiff pursuant to § 881(a)(7).
20 (Cmplt. p. 5.) Various facts in support of this conclusion are
21 alleged, including use of the property to store and distribute
22 three pounds each of methamphetamine and marijuana in July 2001,
23 as well as the presence of cash in an amount over $3,000.00,
24 during a time that Jesus and Gabriel Andrade lived on the
25 property. (Id. at 2-5.) Further, potential claimant Jesus Andrade
26 and the claimants have stipulated that there was reasonable cause
27 for the posting of Defendant real property, and that the Court
28 may enter a certificate of reasonable cause pursuant to 28 U.S.C.

§ 2465. (Stip. p. 7.)

The Court therefore concludes that the complaint was legally sufficient to state a claim for forfeiture of the Defendant real property.

### D. Default

The Court has ordered the answer of potential claimant Jesus Andrade stricken. Accordingly, the Court concludes that should Jesus Andrade's lack of standing be overlooked and he be considered a party, he is in default because he did not file an appropriate responsive pleading within the required period of time.

The Clerk entered the default of potential claimant Jesus Andrade on September 21, 2007. However, at that time, the answer of Jesus Andrade was on file. Therefore, the Court concludes that the entry of default was unauthorized and premature. However, the Court has now recommended that the answer of potential claimant Jesus Andrade be stricken. To recommend that the default entered on September 18, 2007, be vacated and then re-entered would be unnecessary in light of the Court's finding concerning the default of Jesus Andrade.

### E. Discretionary Factors

No one other than the claimants who have previously entered into a stipulation for judgment has claimed an interest in the Defendant property or otherwise responded to the complaint despite adequate notice. It does not appear that there is any risk of mistake or excusable neglect on the part of anyone with a potential interest in the property or of a dispute as to a material fact essential to the government's case. No just cause

for delay appears. It is apparent from the declaration of Elisa M. Maguire filed in connection with the request for entry of default against Defendant Jesus Andrade and submitted to the Court that none of the claimants or potential claimants is an infant, incompetent, or member of the armed services. There does not appear to be any reason why the general policy in favor of a decision on the merits would warrant refusing to enter the requested default judgment.

Accordingly, the Court finds that Plaintiff has shown its entitlement to a default judgment of forfeiture with respect to the Defendant real property. With respect to the form of the judgment, Plaintiff has established that it is entitled to a judgment against the property, <u>Waterloo Distilling Corp. v. U.S.</u>, 282 U.S. 577, 581 (1931), affecting the interests of all persons in the property, <u>Hanson v. Denkla</u>, 357 U.S. 235, 246 n.12 (1958).

### III. <u>Recommendations</u>

Accordingly, it IS RECOMMENDED that

1) Plaintiff's motion to strike the answer of potential claimant Jesus Andrade BE GRANTED; and

2) The Clerk BE DIRECTED to strike the answer filed on January 15, 2004, with respect to potential claimant Jesus Andrade <u>only</u>; and

3) Plaintiff's motion for default judgment BE GRANTED; and

4) Plaintiff IS ENTITLED to, and the Clerk SHOULD ENTER, a judgment that

    a) The interest/s of claimants Gabriel Andrade and Leticia Andrade, and potential claimant Jesus Andrade in the Defendant property are condemned and forfeited to the United

1 States of America; and
2     b) The right, title, and interest of claimants Gabriel
3 Andrade and Leticia Andrade, and potential claimant Jesus Andrade
4 in the Defendant property are forfeited to the United States of
5 America pursuant to 21 U.S.C. § 881(a)(7), and are vested in the
6 United States; and
7     c) All persons claiming any right, title, or interest
8 in or to the Defendant property have defaulted and no longer have
9 any right, title, or interest in the Defendant property
10 whatsoever; and
11     5) The Clerk ENTER final judgment of forfeiture for
12 Plaintiff United States that vests in the United States of
13 America all right, title, and interest in the Defendant real
14 property.
15     This report and recommendation is submitted to the United
16 States District Court Judge assigned to the case, pursuant to the
17 provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the
18 Local Rules of Practice for the United States District Court,
19 Eastern District of California. Within thirty (30) days after
20 being served with a copy, any party may file written objections
21 with the Court and serve a copy on all parties. Such a document
22 should be captioned "Objections to Magistrate Judge's Findings
23 and Recommendations." Replies to the objections shall be served
24 and filed within ten (10) court days (plus three days if served
25 by mail) after service of the objections. The Court will then
26 review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636
27 (b)(1)(C). The parties are advised that failure to file
28 objections within the specified time may waive the right to

appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     March 13, 2008**                        /s/ Sandra M. Snyder
                                         UNITED STATES MAGISTRATE JUDGE